McFarland, J.,
delivered the opinion of the court.
Walker brought this action, and recovered $1,000 damages, for injuries sustained by being struck and knocked off of defendant’s railroad track by an engine. A new trial having been refused, the railroad company have appealed in error.
Walker and one Maxwell started from Cleveland to hunt squirrels. A short distance below the railroad depot they came upon the track of the road running to Chattanooga. At Cleveland two roads diverge — one leading to Dalton, Georgia, the other to *384 Chattanooga — but the two tracks for some distance run parallel. It was about the regular schedule time for freight trains to start upon both roads, running towards Dalton and Chattanooga, and the trains abone the time started, the Dalton train a short distance in advance. Walker and Maxwell being upon the track of the Chattanooga road, were struck and knocked off by the engine, and in consequence of the injury, Walker’s .arm was amputated.
The charge of the Circuit Judge we think in strict conformity with the law as held by this court in recent cases.
In order to prevent accidents upon railroads, our statute enacts certain specific regulations to be complied with by the employees of railroads in the running of trains — among other things, that they shall keep the engineer, fireman, or some other person on the locomotive, always on the lookout ahead, and when any person, animal or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means used to stop the ■ train and prevent an accident. There are other requirements, but they need not be specially noticed. See Code, sec. 1166. The statute not only requires these precautions to be observed, but further provides that “ every railroad company that fails to observe these precautions, or cause them to be observed by its agents or servants, shall be responsible for all damages to persons or property occasioned by or resulting from any accident or collision that may occur.” And “no railroad company that observes, or *385 causes these precautions to be observed, shall be re-responsible for any damages done to persons or property on its road. The burthen of proof that it has observed these precautions shall be upon the company.” Code, secs. 1167-8.
It will be observed that the statute does not make the liability of the company depend upon whether or not the accident or collision was the consequence of the failure of the employees to observe these precautions, but, on the contrary, the company shall be liable to all damages resulting from any accident or collision in all cases where the company fail to prove that the precautions were observed. Therefore, if the precautions have not been observed, the company is-liable, although it may appear that the observance of the precautions would not have prevented the accident.
We fully recognize the justice of the law as laid down in some of the authorities, that persons going upon railroad tracks ought to be required to act as-rational and sensible creatures, and tor exercise their-sense in looking out for trains, and thus avoid unnecessary danger to themselves' and others; and in very many such cases the injured parties contribute in-a great degree to the accident by their culpable failure to observe the most common degree of prudence and attention. But under the statute before quoted, as construed by this court, the mere negligence of the injured party, contributing to the accident, will not altogether defeat the action, provided the precautions of the statute have not been observed. This negli- *386 genee, however, may and should be looked to by the jury in mitigation of -damages.
All this was very correctly and clearly laid down to the jury by the Circuit Judge in his charge, and in .accordance with the eases recently before the court: W. & A. R. R. v. N. & C. R. R., and M. & C. R. R. v. Mary A. Robertson—unreported cases.
Upon the question of fact, whether the precautions of the statute were observed, the proof seems pretty strongly to indicate that they were; but in this there is some doubt, and conflict in the evidence, and, under the rule of the court, we cannot disturb the verdict of the jury, endorsed as it is by the refusal of the Circuit Judge to. set it aside.
We are of opinion that the plaintiff contributed very greatly to the accident by his own negligence. We suppose the jury so thought, and took this into consideration in assessing their damages, otherwise their verdict might have been larger.
Affirm the judgment.